# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sunny Williams, | ) | C/A No.: 0:18-437-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| Eva R. Clement; Clement Law | ) | RECOMMENDATION |
| Firm, PLLC, Karon Korp; | ) | |
| Asheville Realty Group; and JVC | ) | |
| Properties, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Sunny Williams ("Plaintiff"), proceeding pro se, filed this case on February 15, 2018, alleging Defendants illegally disposed of her personal property located at 102 Justice Ridge Road, Candler, North Carolina ("Real Property") prior to the sale of the Real Property.

This matter comes before the court on Defendants' motion to dismiss. [ECF No. 22]. As Plaintiff is proceeding pro se, the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying her of the dismissal procedures and possible consequences if she failed to adequately respond to the motion to dismiss. [ECF No. 23]. The motion to dismiss having been fully briefed [ECF Nos. 25, 30], it is ripe for disposition.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), this case was referred to the undersigned for all pretrial proceedings. For the

reasons that follow, the undersigned recommends the court grant in part and deny in part the motion to dismiss.

I.     Factual and Procedural Background

Plaintiff owned a third undivided interest of the Real Property, and three individuals collectively owned the remaining two-thirds undivided interest. [ECF No. 13 at 2]. At some unspecified time, a North Carolina Clerk of Court ordered Sale in Lieu of Partition of the property and appointed Eve Clement as commissioner to list and market the property for private sale. *Id.* at 1, 3. Plaintiff appealed the order, and the Superior Court for Buncombe County, North Carolina, held a de novo hearing on August 8, 2016. *Id.* On November 15, 2016, the Superior Court ordered the Sale in Lieu of Partition ("Order") and affirmed Clement's appointment as commissioner to list and market the Real Property for private sale. *Id.*

Plaintiff alleges Defendants began removing her personal property from the Real Property prior to November 17, 2016, the date the Order was filed. She alleges Defendants had her personal property thrown into a dumpster or hauled away prior to the expiration of her deadline to appeal further. Compl. at ¶¶ 7–8.

2

II.    Discussion

A.    Standard on Motion to Dismiss

Defendants seek dismissal based on both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the question of whether a court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Fredrick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999). In determining whether jurisdiction exists, the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not

3

insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1]

B.     Analysis

1.     Subject Matter Jurisdiction

Defendants argue that Plaintiff fails to satisfy the pleading standard regarding the jurisdictional amount because the amount in controversy is not satisfied exclusive of punitive damages. According to the United States Supreme Court, when both actual and punitive damages are allegedly recoverable under a complaint, "each must be considered to the extent claimed in determining jurisdictional amount." *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, (1943). Defendants cite to a case from the United States Court of Appeals for the Second Circuit for the proposition that "[p]unitive damages cannot be considered to satisfy the jurisdictional amount where 'the legal impossibility of recovery [is so certain] to negate the plaintiff's good faith in asserting the claim.'" [ECF No. 22-1 at 5 (citing

_____

[1] Plaintiff attached additional documents to her complaint at ECF No. 13.

4

*Scherer v. Equitable Life Assur. Soc'y of the United States*, 347 F.3d 394, 402 (2nd Cir. 2003))].[2]

However, Defendants fail to show that the legal impossibility of Plaintiff recovering punitive damages is certain in this case. To the extent Defendants are relying on their arguments that Plaintiff has failed to set forth viable causes of action, their argument is about the merits of Plaintiff's complaint and not about her claim of punitive damages. If Plaintiff recovers even nominal damages, she may be entitled to punitive damages. *See Mace v. Pyatt*, 203 N.C. App. 245, 255 (N.C. Ct. App. 2010) (affirming an award of $250,000 in punitive damages, with nominal compensatory damages).[3] Therefore, the undersigned recommends the district judge deny Defendants' motion to the extent it is based on Fed. R. Civ. P. 12(b)(1).

2.    Dismissal under 12(b)(6)

Defendants argue that they can not be held liable for conversion because they had a legal right to exercise control over the Real Property.

---

[2] Although it is not binding authority for this court, a review of *Scherer* reveals that the court also noted the high burden of proving the certainty of the legal impossibility of recovery and also noted that dismissal for failure to meet the jurisdictional amount is not warranted even when the allegations leave grave doubt about the likelihood of recovery of the requisite amount. 347 F.3d at 397.

[3] Under traditional South Carolina choice of law principles, the substantive law governing a tort action is determined by the lex loci delicti, the law of the state in which the injury occurred. *Lister v. NationsBank of Delaware, N.A.*, 494 S.E.2d 449 (S.C. Ct. App. 1997). Here, the injury is alleged to have occurred in North Carolina.

However, Plaintiff specifically alleges in her complaint that prior to the Order, the Real Property was under her authority and control [ECF No. 1 at ¶ 6], and that Defendants began removing her personal property from the Real Property prior to the issuance of the Order, *id.* at ¶ 7. Although Defendants may be able to show that they had legal authority to remove all personal property from the Real Property, the court looks only at the sufficiency of the complaint on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Here, the court finds that a liberal construction of Plaintiff's complaint reveals sufficient allegations for a cause of action for conversion as to her personal property.

Defendants argue in their reply that Plaintiff has conceded her liberally-construed claims of conversion and civil conspiracy. [ECF No. 30 at 3–4]. Although Plaintiff appears to argue that Defendants did not maintain her personal property for their use, but instead had it placed into a dumpster or hauled away [ECF No. 25 at 4–5], the undersigned does not construe this statement as a concession of her cause of action for conversion.[4]

The undersigned agrees with Defendants that Plaintiff's complaint does not state a cause of action for civil conspiracy. Plaintiff appears to concede it

---

[4] To the extent Plaintiff did not intend to assert a cause of action for conversion, she is instructed to file a motion to amend her complaint that includes a proposed amended complaint stating her causes of action. Otherwise, the court will construe Plaintiff's complaint as bringing a cause of action for conversion against each Defendant.

as well, as she states in her brief: "Plaintiff's Complaint does not allege a 'civil conspiracy.'" [ECF No. 25 at 5]. Therefore, the undersigned recommends Defendants' motion to dismiss be granted as to civil conspiracy.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant the motion to dismiss as to Plaintiff's cause of action for civil conspiracy and deny it as to her cause of action for conversion.

IT IS SO RECOMMENDED.

September 18, 2018                              Shiva V. Hodges
Columbia, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).