IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Sunny Williams, | ) |
| | ) Civil Action No.: 0:18-cv-00437-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Eva R. Clement, Clement Law Firm, PLLC, | ) |
| Karon Korp, Asheville Realty Group, JCV | ) |
| Properties, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on September 18, 2018. (ECF No. 33.) The Report addresses Defendants Eva R. Clement, Clement Law Firm, PLLC, Karon Korp, Asheville Realty Group, and JCV Properties' (collectively, "Defendants") Motion to Dismiss (ECF No. 22). (*Id.* at 1.) The Magistrate Judge recommends that the court grant Defendants' Motion to Dismiss as it relates to Plaintiff Sunny Williams' ("Williams") cause of action for civil conspiracy and deny the Motion as to Williams' cause of action for conversion. (*Id.* at 7.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 33), incorporating it herein, and **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 22). Specifically, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 22) as to Williams' civil conspiracy claim, but **DENIES** Defendants' Motion to Dismiss (ECF No. 22) as to Williams' conversion claim.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Williams inherited a one-third undivided interest in Justice Ridge, a piece of real property

1

located in Buncombe County, North Carolina. (ECF No. 13 at 2.) Williams held her interest as a tenant-in-common with three (3) other individuals, none of whom are implicated in the present proceedings, as a lawful heir to Winifred Morgan Garren. (*Id.*) At an unspecified time and after the filing of a petition by some of the lawful heirs, the Clerk of the Superior Court for Buncombe County, North Carolina, filed his Order on Petition for Sale in Lieu of Partition and appointed Defendant Eva R. Clement as a commissioner to list and market Justice Ridge for private sale. (*Id.* at 3.) Williams opposed the private sale of Justice Ridge. (*Id.* at 1.) On August 8, 2016, the Superior Court for Buncombe County, North Carolina, held a *de novo* hearing regarding the sale in lieu of partition for Justice Ridge. (*Id.* at 1.) On November 15, 2016, the Superior Court ordered the sale of Justice Ridge and affirmed the appointment of Defendant Eva R. Clement as the commissioner "to list and market the property for private sale . . . ." (*Id.* at 3.) Justice Ridge was sold to a buyer on February 16, 2017. (*Id.* at 7–8.)

Williams, proceeding *pro se*, filed her Complaint on February 15, 2018, in the United States District Court for the District of South Carolina. (ECF No. 1.) Williams alleges that "[p]rior to said November 17, 2016 Order for Sale in Lieu of Partition, Defendants or persons under their direction began removing [her] personal property [from Justice Ridge] . . . ." (*Id.* at 3.) Williams maintains that all of her personal property was "thrown into a dumpster, or was otherwise hauled away by, and/or at the direction of Defendants." (*Id.*) For relief, Williams seeks consequential damages, punitive damages, and the replacement value for her "personal property unlawfully removed and/or destroyed . . . ." (*Id.* at 5.)

Defendants filed their Motion to Dismiss on June 7, 2018. (ECF No. 22-1.) Defendants first argue that Williams' Complaint should be dismissed for lack of subject-matter jurisdiction because the amount-in-controversy is insufficient under 28 U.S.C. § 1332. (*Id.* at 4–6.) In addition,

Defendants submit that Williams' Complaint is defective because she failed to plead a claim for conversion. (*Id.* at 8–10.) Specifically, Defendants assert that their actions "were taken pursuant to a court order and in compliance with North Carolina law," thereby providing them with an affirmative defense to a conversion claim. (*Id.* at 9.) Lastly, Defendants maintain that Williams failed to allege the appropriate elements for a civil conspiracy claim within her Complaint, which warrants dismissal of the claim. (*Id.* at 10–11.) Because she is proceeding *pro se*, the court issued a *Roseboro* order to Williams on June 7, 2018, advising her of the procedural details and requirements of specific dispositive motions.[1] (ECF No. 23.) Williams responded in opposition to the Motion to Dismiss on July 13, 2018. (ECF No. 25.)

The Magistrate Judge filed her Report on September 18, 2018. (ECF No. 33.) Within her Report, the Magistrate Judge recommends granting Defendants' Motion to Dismiss as to Williams' civil conspiracy claim, but deny the Motion as to her cause of action for conversion. (*Id.* at 7.) First, as to Williams' conversion claim, the Magistrate Judge reasoned that Williams' Complaint pleads an action for conversion because, even if Defendants possessed lawful authority to remove Williams' belongings at some point in time, Williams alleges that Defendants disposed of her personal property *before* they possessed such lawful authority. (ECF No. 33 at 6.) The Magistrate Judge also concluded that Williams did not concede her claim for conversion as suggested by Defendants. (*Id.*) Second, regarding Williams' cause of action for civil conspiracy, the Magistrate Judge found that Williams "appears to concede" that claim when she affirmatively states that her "Complaint does not allege a 'civil conspiracy.'" (*Id.* at 6–7 (quoting ECF No. 25 at 5).) Both parties were apprised of their opportunity to file specific, written objections to the Report. (*Id.* at

---

[1] A *Roseboro* order requires federal district courts to provide an explanation of dismissal procedures to *pro se* litigants. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975).

3

8.)

Defendants filed their Objections on October 1, 2018. (ECF No. 35.) Within their Objections, Defendants argue that Williams (1) "has not sufficiently pled a cause of action for conversion"; (2) "conceded her action for conversion"; and (3) they, Defendants, have a "meritorious affirmative defense that precludes [Williams'] claim for conversion." (ECF No. 35 at 2.) Essentially, Defendants request the court to grant the entirety of their Motion to Dismiss. (*Id.*) In the alternative to granting or dismissing Williams' conversion claim, Defendants request the court to "[t]ransfer this action" to the United States District Court for the Western District of North Carolina because "the alleged tortious action [] occurred in that judicial district." (*Id.* at 1.) Williams replied, untimely, to Defendants' Objections on October 22, 2018.[2] (ECF Nos. 35, 37.) Because this matter has been extensively briefed, it is now ripe for the court's review. *See generally Sauls v. Wyeth Pharm., Inc.*, 846 F. Supp. 2d 499, 501 (D.S.C. 2012) ("The parties have fully briefed the issues, and this matter is ripe for consideration.").

## II. LEGAL STANDARD

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of

---

[2] The court need not consider Williams' untimely response to Defendants' Objections. *See generally Cleveland v. Adger*, C/A No. 4:17-cv-03269-RBH, 2018 WL 2323597, at *3 (D.S.C. May 22, 2018) (declining to consider untimely objections to a magistrate judge's report and recommendation); *Agurs v. Bazzle*, C/A No. 8:06–0086–GRA–BHH, 2006 WL 240589, at *1 (D.S.C. Jan. 31, 2006) (stating that a federal district court need only consider a timely objection).

those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Motions to Dismiss Under FED. R. CIV. P. 12(b)(6)

Under the Federal Rules of Civil Procedure, a party may move to dismiss a complaint when the complaint "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A motion to dismiss tests the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013). When ruling upon a motion to dismiss under Rule 12(b)(6), a federal court "must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, "'all reasonable inferences' must be drawn in favor of the complainant." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consummeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). However, "legal conclusions,

5

elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). As such, a federal court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996)). Therefore, as a matter of law, a complaint is subject to dismissal under Rule 12(b)(6) "if it appears that the plaintiff[] would not be entitled to relief under any facts which could be proved in support of their claim." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 395–96 (4th Cir. 2018) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999)). Accordingly, if a federal court is applying state law, and state law bars a plaintiff's claim, dismissal is warranted as a matter of law under Rule 12(b)(6). *See id.* at 395–99; *Ellis v. La.-Pac. Corp.*, 699 F.3d 778, 782–88 (4th Cir. 2012). *See generally Littlepaige v. United States*, 528 F. App'x 289 (4th Cir. 2013); *Sanders v. Norfolk S. Ry. Co.*, 400 F. App'x 726 (4th Cir. 2010); *ShoMe Techs., Inc. v. Nobska Gr., LLC*, 190 F. App'x 298 (4th Cir. 2006); *Iodice v. United States*, 289 F.3d 270 (4th Cir. 2002).

### C. *Pro Se* Filings

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL

6

3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Defendants object to the Report on the following three grounds: (1) Williams "has not sufficiently pled a cause of action for conversion"; (2) Williams "conceded her action for conversion"; and (3) they, Defendants, have a "meritorious affirmative defense that precludes [Williams'] claim for conversion." (ECF No. 35 at 2.) In the alternative to granting or dismissing Williams' conversion claim, Defendants request the court to "[t]ransfer this action" to the United States District Court for the Western District of North Carolina because "the alleged tortious action [] occurred in that judicial district." (*Id.* at 1.) Defendants did not object to the Report's analysis of Williams' civil conspiracy claim. (*Id.* at 2–4.) The court addresses each of these contentions and arguments in turn.

### A. <u>Williams' Cause of Action for Conversion</u>

Defendants object to the Report because they believe that Williams' Complaint only contains "bare conclusory statements" that are "unsupported allegations" and "insufficient to state a valid claim under federal pleading standards . . . ." (*Id.* at 3.) As an initial matter, Defendants' objection seems to suggest that the Magistrate Judge committed an error of law regarding the sufficiency of Williams' Complaint or constructed her legal arguments. (*Id.*) Defendants' objection to the Report is misguided and misapprehends federal pleading standards.

7

Under North Carolina law,[3] "a conversion claim essentially requires two elements: 'ownership in the plaintiff and wrongful possession or conversion by the defendant.'" *Heaton-Sides v. Snipes*, 755 S.E.2d 648, 650 (N.C. Ct. App. 2014) (quoting *Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 723 S.E.2d 744, 747 (N.C. 2012)). In addition, a complaining party "must present evidence that will provide a basis for determining damages." *Id.* at 651. In *Heaton-Sides*, the North Carolina Court of Appeals held that a trial court erred in dismissing a conversion claim when a plaintiff argued that her personal property was destroyed *before the expiration* of an applicable statutory period, *i.e, without the lawful authority to dispose of the plaintiff's personal property*. *Id.* at 650–51.

Upon reviewing the Complaint, accepting her facts as true, and drawing all reasonable inferences in her favor, Williams states that, although she did not reside there, she had "numerous items of personal property belonging to [her]" *inside the home* located at Justice Ridge or "*next to the house*." (ECF No. 1 at 3 ¶ 6 (emphasis added).) As it relates to the personal property, Williams submits that the property was under her "authority and control." (*Id.*) Williams alleges that her

---

[3] In the instant case and as implied by the Report, the court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is satisfied and the parties are completely diverse. (ECF No. 33 at 4–5.) (*See also* ECF No. 1.) Because the court sits in diversity jurisdiction, it must apply the substantive law of the state in which it sits, which is South Carolina. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). *See generally Johnson v. Hugo's Skateway*, 974 F.2d 1408, 1416 (4th Cir. 1992) ("The principles of [*Erie*] require a federal court in a diversity case to respect and enforce state-created rights in a manner such that litigation of state-based rights in federal court does not yield results materially different from those attained in the state courts. . . . Generally, then, federal courts applying state-created law are still to conduct those trials under federally established rules of procedure."). As it relates to the pertinent choice-of-law rules, in a diversity action, a federal district court "must apply the choice of law rules of the state in which it sits." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100–01 (4th Cir. 2013). Under South Carolina choice-of-law principles, "the substantive law governing a tort action is determined by the state in which the injury occurred." *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997) (citations omitted). Because the alleged conversion occurred at Justice Ridge in North Carolina, as Williams' personal property was at Justice Ridge, the substantive law of North Carolina applies to this tort action. *Lister*, 494 S.E.2d at 454.

personal property was removed prior to the state court's Order on Petition for Sale in Lieu of Partition and before "the 30-day time period to appeal said Order had expired." (*Id.* at 3 ¶¶ 7–8.) Williams specifically states that Defendants, or individuals acting at their direction, threw her belongings "into a dumpster" or had them "hauled away." (*Id.* at 3 ¶ 8.) Under North Carolina law, Williams sufficiently alleged that she (1) owned her personal belongings and (2) Defendants removed her personal property *prior* to possessing the appropriate lawful authority. *See Heaton-Sides*, 755 S.E.2d at 650–51 (holding that a plaintiff may succeed on a conversion claim, under North Carolina law, when they argue that a defendant removed their possessions before they had the requisite lawful authority). This is not an "unwarranted inference[], unreasonable conclusion[], or argument[]" on the part of Williams. *E. Shore Mkts., Inc.*, 213 F.3d at 180. The Report does not construct any legal arguments for Williams, but merely cites to her Complaint directly. (ECF No. 33 at 6.) It is for these reasons that Williams' Complaint is sufficient to survive Defendants' Motion to Dismiss because it adequately alleges conversion, with the appropriate factual support, under North Carolina law. *Occupy Columbia*, 738 F.3d at 115 ("A motion to dismiss tests the sufficiency of a complaint."). Accordingly, Defendants' objection is overruled.

**B. <u>Williams' Alleged Concession for Conversion</u>**

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district

court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

Within their Objection, Defendants argue that Williams "expressly concedes her alleged claim for conversation against [] Defendants." (ECF No. 35 at 4 (citing ECF No. 25 at 4–5).) In their Reply to Williams' Response in Opposition to Defendants' Motion to Dismiss, Defendants also argued that Williams "concedes that [] Defendants did not engage in conversion of her alleged property." (ECF No. 30 at 3.) Defendants are simply restating an argument that was before the Magistrate Judge and addressed by the Report. (*Compare* ECF No. 35 at 4, *with* ECF No. 30 at 3.) Indeed, Defendants cite to themselves when bringing this objection. (ECF No. 35 at 4 (citing ECF No. 25 at 4–5).) As such, a *de novo* review is unnecessary because Defendants have "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Defendants. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses this rehashed argument by Defendants and is a well-reasoned opinion. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, Defendants' second objection is overruled and without merit.

## C. <u>Defendants' Affirmative Defense</u>

As stated above, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a federal district court. *Midgette*, 478 F.3d at 621. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested

resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich*, 327 F. Supp. 2d at 747. Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano*, 687 F.2d at 47; *Jones*, 2005 WL 3298966, at *3.

Within their Objections, Defendants argue that they "have demonstrated that [] they had lawful authorization to remove any and all personal property." (ECF No. 35 at 3.) In their Motion to Dismiss, Defendants also argued that their "actions were taken pursuant to a court order and in compliance with North Carolina law." (ECF No. 22-1 at 9.) The Report specifically states that Williams' Complaint alleges that "Defendants began removing her personal property from [Justice Ridge] *prior to the issuance of the Order.*" (ECF No. 33 at 6 (emphasis added).) It is apparent that this too is a rehashed argument from Defendants and already addressed by the Report. (*Compare* ECF No. 22-1 at 9, *with* ECF No. 35 at 3.) As such, a *de novo* review is unnecessary because Defendants have "failed to guide the [c]ourt towards [a] specific issue[] needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Defendants. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses this rehashed argument by Defendants and is a well-reasoned opinion. (*See* ECF No. 33 at 6.) *See also Fray*, 2018 WL 1224687, at *5 (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). The Report specifically adheres to the appropriate legal principles when examining Williams' Compliant and seems to imply that Defendants' affirmative defense is outside the scope of Williams' specific allegations. (ECF No. 33 at 6.) For these reasons, Defendants' third and final objection is overruled.

### D. Williams' Civil Conspiracy Claim

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199. Neither Williams or Defendants objected to the Magistrate Judge's analysis of Williams' purported civil conspiracy claim. (*See* ECF No. 35.) As it relates to Williams' civil conspiracy claim, the court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (*Id.*) Therefore, as it relates to Williams' civil conspiracy claim, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### E. Defendants' Request to Transfer the Action

Defendants request the court to "[t]ransfer this action to the" United States District Court for the Western District of North Carolina because "the alleged tortious action [] occurred in that judicial district" and all Defendants are located within that specific district. (ECF No. 35 at 1.) Defendants do not include any case citations or legal standards within their request. (*See id.*) The court declines to entertain Defendants' request for two important, specific reasons.

First, a party may only attempt to transfer a civil proceeding to another judicial district if done so "[u]pon motion, consent[,] or stipulation of all parties . . . ." 28 U.S.C. § 1404(b). Here, Defendants have requested a transfer of the proceedings to another district within their Objections, which only concerns review of the Magistrate Judge's Report, and there is no pending motion regarding a transfer before the court. (*See* ECF No. 35 at 1.) In addition to not filing a formal motion for a transfer, Defendants have not shown that Williams consents or stipulates to their request. (*See id.*) Secondly, the Local Civil Rules for the United States District Court for the District of South Carolina provide that: "All motions made other than in a hearing or trial or to compel discovery *shall be timely filed with an accompanying supporting memorandum that shall*

*be filed and made part of the public record.*" Local Civ. Rule 7.04 (D.S.C.) (emphasis added). A party's failure to comply with the Local Civil Rules is sufficient to deny his or her motion. *See CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 715 (D.S.C. 2017) ("[N]either the motion to alter or amend nor the motion for contempt contained a certification that, prior to those motions, counsel had tried in good faith to resolve the issues raised therein. The [c]ourt has previously denied a motion in this case without prejudice for failure to comply with that requirement." (citing Local Civ. Rule 7.02 (D.S.C.))); *Roger Cleveland Gold Co., Inc. v. Price*, C/A No. 2:09–cv–2119–MBS, 2010 WL 5019260, at *3–4 (D.S.C. Dec. 3, 2010). Defendants' request for a transfer does not contain a supporting memorandum or "a full explanation of the motion . . . within the motion," which is a requirement of Local Civil Rule 7.04. (*See* ECF No. 35.) Moreover, Defendants have not even included any "appropriate citations" in their attempt to transfer this matter to the United States District Court for the Western District of North Carolina. *See* Local Civ. Rule 7.05(A)(3) ("A memorandum shall contain: . . . [t]he argument (brevity is expected) relating to the matter before the [c]ourt for ruling with *appropriate citations* . . . ." (emphasis added)). Accordingly, the court declines to entertain Defendants' request to transfer this action to the United States District Court for the Western District of North Carolina.

## IV. CONCLUSION

After a careful review of the Magistrate Judge's Report and Recommendation (ECF No. 33) and Defendants' Objections (ECF No. 35), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 33) and incorporates it herein. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 22). Specifically, the court **GRANTS** Defendants' Motion to Dismiss (ECF No. 22) as to Williams' civil conspiracy

claim, but **DENIES** Defendants' Motion (ECF No. 22) to Dismiss as to Williams' conversion claim.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 13, 2019
Columbia, South Carolina

14

Case 1:20-cv-00044-MR-WCM     Document 38     Filed 03/13/19     Page 14 of 14