IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sunny Williams, | ) | C/A No.: 0:18-437-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Eva R. Clement, Clement Law | ) | REPORT AND |
| Firm, PLLC, Karon Korp, | ) | RECOMMENDATION |
| Asheville Realty Group, and | ) | |
| JCV Properties, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Sunny Williams ("Plaintiff"), proceeding pro se, filed this case on February 15, 2018, alleging defendants illegally disposed of her personal property located at 102 Justice Ridge Road, Candler, North Carolina ("Justice Ridge property"), located in Buncombe County, North Carolina, prior to the sale of the Justice Ridge property.

This matter comes before the court on the motion for summary judgment and motion to transfer venue submitted by defendants Eva R. Clement ("Clement"), Clement Law Firm, PLLC, Karon Korp, Asheville Realty Group, and JCV Properties (collectively, "Defendants"). [ECF Nos. 50, 51].[1] As Plaintiff is proceeding pro se, the court issued an order pursuant to

---

[1] Defendants request the case be transferred to the Western District of North Carolina in the event "Defendants' contemporaneously filed Motion for Summary Judgment [is] denied." [ECF No. 51 at 1].

*Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying her of the dismissal procedures and possible consequences if she failed to adequately respond to Defendants' motion for summary judgment. [ECF No. 52]. The motions having been fully briefed [ECF No. Nos. 50, 51, 54, 55], they are ripe for disposition.

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to the undersigned for all pretrial proceedings. For the reasons that follow, the undersigned recommends the district court deny Defendants' motion for summary judgment and grant Defendants' motion to transfer venue.

I.  Factual and Procedural Background

On November 10, 2010, Winifred Morgan Garren died intestate, and Plaintiff, along with others not implicated in this case, were declared the owners, as tenants in common, of her Justice Ridge property. [ECF No. 13 at 2]. The Justice Ridge property is approximately 23 acres with a house located on it. [ECF No. 13 at 2, *see also* ECF No. 1 ¶ 5].

After the filing of a petition by some of the lawful heirs, the Clerk of the Superior Court for Buncombe County, North Carolina, filed order on a petition for sale in lieu of partition ("original order") and appointed Clement as a commissioner to list and market the Justice Ridge property for private sale. [ECF No. 13 at 3, ECF No. 22-2 ¶ 4]. Clement was appointed on or about

April 21, 2016. [ECF No. 22-2 ¶ 4]. Plaintiff opposed the sale. [ECF No. 13 at 1].

At the time of Clement's appointment, "the property was in bad condition and would be considered a 'tear down' for real estate purposes.'" [ECF No. 22-2 ¶ 6]. Additionally, the Justice Ridge property housed a large group of squatters or tenants who created impediments to effectuating the sale in accordance with the order, and the house was unable to be secured, as the back door was rotted beyond repair. [ECF No. 22-2 ¶¶ 7–8, ECF No. 22-3 at 1].

On May 24, 2016, Clement emailed Plaintiff, stating as follows:

At this point, in order to give your tenants as much time as we can, we need to go ahead and send them a letter informing them that they need to vacate. Let me know if you want to get this done or if you would prefer that I did. As we discussed, after your tenants have vacated you will have an opportunity to remove any personal possessions that you have remaining on the property.

[ECF No. 22-3 at 1]. On the same day, Plaintiff emailed her response, stating in part: "I will take care of advising the tenants of the situation." *Id.*

On July 26, 2016, Clement sent a letter to Plaintiff stating as follows:

It appears that your tenants have vacated the property. Thank you for your assistance in the matter. I am going to proceed with taking the steps necessary to list the property for sale. There appears to be quite a bit of debris left at the property by your tenants. I have advised them to remove the remaining personal items within the next 10 days.

*Id.* at 2.[2]

On August 8, 2016, the Superior Court for Buncombe County, North Carolina, held a de novo hearing regarding Plaintiff's opposition to the sale. [ECF No. 13 at 1]. On November 15, 2016, the Superior Court issued an order ("November 2016 order"), affirming order of the sale of the Justice Ridge property and the appointment of Clement as the commissioner "to list and market the property for private sale," in accordance with N.C. Gen. Stat. § 1-339-33 *et. seq. Id.* at 3. The Justice Ridge property was sold to a buyer on February 16, 2017, for a purchase price of $341,250. *Id.* at 7–8.

On February 15, 2018, Plaintiff filed a verified complaint against Defendants in this court, alleging that prior to the November 2016 order becoming final and before the sale, Defendants or people directed by Defendants began removing Plaintiff's personal property from the house and, before the 30-day time period to appeal the order had expired, Plaintiff's personal property had been "thrown into a dumpster, or was otherwise

---

[2] In opposition to Defendants' motion to transfer venue, Plaintiff argues "Clement never spoke with or wrote to Plaintiff regarding 'vacating squatters' or 'removing personal property' from the premises." [ECF No. 54 at 4]. This argument is belied by the email chain quoted above in which Plaintiff responded to Clement's comments that include reference to moving the tenants out of the property and the removal of Plaintiff's personal property. [*See* ECF No. 22-3 at 1]. *See also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

hauled away." [ECF No. 1 at ¶¶ 7–8].[3] Plaintiff alleges these actions were taken without lawful authority and without contacting her. *Id.* ¶ 14. Plaintiff has submitted an itemized list of the personal property that was allegedly removed from the Justice Ridge property and an estimated value of that property in the amount of $30,033. [ECF No. 13 at 5].[4]

On June 7, 2018, Defendants filed a motion to dismiss, arguing in part that Plaintiff had failed to state a claim for conversion of her personal property. [ECF No. 22]. On March 13, 2019, the district court accepted the report and recommendation submitted by the undersigned, recommending in part that the court deny Defendants' motion to dismiss seeking to dismiss Plaintiff's conversion claim, holding that "[u]nder North Carolina law, Williams sufficiently alleged that she (1) owned her personal belongings and (2) Defendants removed her personal property *prior* to possessing the appropriate lawful authority." [ECF No. 38 at 9].

On November 18, 2019, Defendants filed the instant motions to transfer venue and for summary judgment, echoing the same arguments

---

[3] In the Fourth Circuit, verified complaints by pro se individuals are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). Plaintiff filed a verified complaint. [ECF No. 1 at 6].
[4] Clement attests that, to her recollection, none of the items listed by Plaintiff was present on the property. [ECF No. 22-2 ¶ 11].

previously made in Defendants' motion to dismiss and relying solely on the same evidence previously submitted with that motion.[5]

II. Discussion

    A.    Standard on Motion for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

[5] Plaintiff relies on verified complaint and documents previously submitted in conjunction with her complaint [ECF No. 1, ECF No. 13]. Additionally, Plaintiff has submitted one photograph with her opposition to Defendants' motion for summary judgment. [*See* ECF No. 55-1 at 2]. It was unnecessary for the court to consider the photograph in resolving Defendants' motions.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

B.  Standard on Motion to Transfer Venue

Pursuant to 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Additionally, a district court has the power to dismiss an action, or if it is in the interest of justice, transfer an action if venue is improper in the transferor court. *See* 28 U.S.C. § 1406(a). A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a), *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *O'Neal v. Hicks Brokerage Co.*, 537 F.2d 1266, 1268 (4th Cir. 1976), and questions regarding transfer are committed to the sound discretion of the district court. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1257 (4th Cir. 1991).

C. Analysis

    1. Motion for Summary Judgment

The court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is satisfied and the parties are completely diverse. [ECF No. 33 at 4–5, *see also* ECF No. 1]. Because the court sits in diversity jurisdiction, it must apply the substantive law of the state in which it sits, which is South Carolina. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Additionally, as it relates to the pertinent choice-of-law rules, in a diversity action, a federal district court "must apply the choice of law rules of the state in which it sits." *Perini/Tompkins Joint Venture v. Ace Am. Ins. Co.*, 738 F.3d 95, 100–01 (4th Cir. 2013). Under South Carolina choice-of-law principles, "the substantive law governing a tort action is determined by the state in which the injury occurred." *Lister v. NationsBank of Del., N.A.*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997) (citations omitted). Because the alleged conversion occurred at Justice Ridge in North Carolina, the substantive law of North Carolina applies to this tort action. *Lister*, 494 S.E.2d at 454.

Under North Carolina law, "[t]he tort of conversion is well defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Variety Wholesalers, Inc. v.*

*Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523 (2012) (citing *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439 (1956)). "There are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." *Id.*

Defendants move for summary judgment, arguing that "Plaintiff lost her dominion over and rights in the property as a result of the partition action and the resulting order," and therefore, "[w]ithout her rights intact, she can hold no action against the Defendants for conversion." [ECF No. 50-1 at 8]. In short, Defendants argue they did not convert Plaintiff's property, "but rather began removing it pursuant to a court order; and, due to said order, Defendants did not require Plaintiff's permission." *Id.* Plaintiff disagrees, alleging Defendants acted prior to the order becoming final and prior to the time period allowed to appeal that order. [ECF No. 1 at ¶¶ 7–8]. In sum, Plaintiff argues that prior to the elapse of the 30-day appeal period, Defendants had no "legal authority to be on the Justice Ridge property." [ECF No. 55 at 2].[6]

It appears the parties do not dispute that at some point in time, pursuant to one or more North Carolina court orders, some or all of the

---

[6] Plaintiff asserts that she "had planned to schedule time to remove all personal property before the Justice Ridge property was put up for sale, but the personal property was gone by then, hauled away by or at the direction of one or more of the Defendants" [ECF No. 55 at 3], but does not indicate at what specific point in time she is referencing.

9

Defendants had legal authority over the Justice Ridge property, and the personal property found on it. The genuine issue of fact that is in dispute, precluding grant of summary judgment to Defendants, is when that authority began. Defendants argue they acted consistent with the authority granted them throughout the time period in question. Plaintiff argues they did not, converting her personal property prior to gaining the proper authority. Based on the current record before the court, this factual dispute cannot be resolved at this stage of the proceedings.[7] *See Heaton-Sides v. Snipes*, 233 N.C. App. 1, 2 (2014) (holding trial court erred in dismissing a conversion claim where the plaintiff alleged her personal property was destroyed before the expiration of an applicable statutory period or without the lawful authority to dispose of the plaintiff's personal property).

Accordingly, the undersigned recommends the district court deny Defendants' motion for summary judgment.[8]

---

[7] Neither party has submitted to the court the original order that appears, at least in part, to have appointed Clement on or about April 21, 2016, to list and market the property. [ECF No. 13 at 3, ECF No. 22-2 ¶ 4]. Relatedly, Defendants fail to address the main crux of this case as to when, under North Carolina law, the original order or the November 2016 order became legally effective, granting them rights to dispose of Plaintiff's personal property.

[8] Defendants argue that Plaintiff has failed to "disseminate[] any discovery requests whatsoever," and therefore "it is impossible for her to develop any further evidence or attempt to bolster the strength of any existing evidence in order to prove her case." [ECF No. 50-1 at 9–10]. Defendants do not argue, however, that Plaintiff's failure to disseminate discovery requests entitles them to grant of summary judgment.

2. Motion to Transfer Venue

Defendants move pursuant to 28 U.S.C. § 1404(a) to have this case transferred to the Western District of North Carolina, Buncombe Division, in the event that their motion for summary judgment is denied. [ECF No. 51-1 at 1].[9]

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In analyzing a motion to transfer venue under 28 U.S.C. § 1404(a), "a district court must conduct a two-step analysis: 1) the district court must consider whether venue would be proper in the proposed district; and 2) if the proposed venue would be proper, the court must evaluate 'whether transfer is in the interest of justice and will serve the convenience of the parties and witnesses.'" *Dutton v. Stifel Nicolaus & Co., Inc.*, C/A No. 4:19-CV-01605-RBH, 2019 WL 3305891, at *3 (D.S.C. July 22, 2019) (citing *United States v. $78,850.00 in U.S. Currency*, 446 F. Supp. 2d 428, 431 (D.S.C. 2006)). Further, district courts within the Fourth Circuit consider four factors when deciding whether

---

[9] Defendants previously requested the same transfer in their objections to the report and recommendation entered by the undersigned addressing Defendants' motion to dismiss. The district court declined to entertain Defendants' request that was made inconsistent with procedural requirements of 28 U.S.C. § 1404(a) and the Local Civil Rules. [ECF No. 38 at 12–13].

to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice. *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015).[10]

Venue would be proper in the proposed district in that the tort at issue occurred in Buncombe County, North Carolina. *See* 28 U.S.C. § 1391(b)(2) (providing venue is proper in a federal civil action in "a judicial district in which a substantial part of the events or omissions giving rise to the claim[s] occurred").

---

[10] Additionally, "[i]n harmony with the Fourth Circuit's precedent, federal district courts have also evaluated the following discretionary factors in a transfer motion":

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Chick v. Johnson*, C/A No. 0:18-CV-00814-JMC, 2018 WL 5118499, at *3 (D.S.C. Oct. 19, 2018) (citing *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 561-62 (M.D.N.C. 2015)).

"As a general rule, a plaintiff's 'choice of venue is entitled to substantial weight in determining whether transfer is appropriate.'" *Trustees of the Plumbers*, 791 F.3d at 444. Plaintiff chose to bring the instant case in this district court, and that choice is entitled to substantial weight. Additionally, as Plaintiff argues, South Carolina is more convenient for her, as she is a citizen and resident of this state; however, as Defendants argue, North Carolina is more convenient for them, as they are all based in and live in Asheville, North Carolina, rendering this factor neutral.

Access to, and convenience for, the witnesses and the interest of justice both weigh in favor of transfer. Transfer will significantly ease access to sources of proof and material testimony because the majority of Defendants' witnesses live or work in or near the Asheville area and the subject real property is located in Buncombe County. Although South Carolina has an interest in protecting the assets of its citizens, this case concerns real and personal property that is or was located in Buncombe County and is or was subject to multiple North Carolina court orders. South Carolina's only connection to this case is Plaintiff's residence here. Thus, North Carolina has a greater interest in deciding the instant case.

In sum, Plaintiff's choice of South Carolina is entitled to substantial weight, and convenience to the parties is neutral. However, convenience to, and accessibility of, the witnesses and the interest of justice both weigh in

favor of transferring this case to the Western District of North Carolina. Therefore, the undersigned recommends granting Defendants' motion to transfer.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge deny Defendants' motion for summary judgment [ECF No. 50] and grant Defendants' motion to transfer venue [ECF No. 51].

IT IS SO RECOMMENDED.

January 8, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).