IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 44

| | | |
|---|---|---|
| SUNNY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| EVA R. CLEMENT, CLEMENT LAW FIRM, PLLC, KARON KORP, ASHEVILLE REALTY GROUP, and JCV PROPERTIES, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the Court on March 2, 2020 for a status conference. Plaintiff Sunny Williams appeared *pro se*. Attorney Zephyr Sullivan appeared on behalf of all Defendants.

I.  Subject Matter Jurisdiction

At the beginning of the status conference, the undersigned inquired as to Defendants' citizenship for diversity purposes. Defense counsel has recently entered the case and was unable to confirm the citizenship of all Defendants but advised she could do so in a short period of time.

II.  Pretrial Scheduling

The Court also made inquiries regarding the status of discovery and other pretrial matters.

1

Plaintiff advised that, while the case was pending before the United States District Court for the District of South Carolina, neither side engaged in written discovery or took any depositions. Defense counsel agreed and stated that, to her knowledge, no discovery has been completed. Each side, though, asked for additional time to conduct discovery here in this district.

The parties similarly advised that mediation has not been conducted, but stated they were interested in participating in mediation and believed it could be helpful.

A review of the docket indicates that a scheduling order was entered on March 27, 2019 by the Hon. Shiva Hodges, United States Magistrate Judge. (Doc. 45). That scheduling order, among other things, directed that discovery be completed no later than October 23, 2019, that dispositive motions be filed on or before November 7, 2019, and that mediation be completed on or before January 6, 2020.

On November 7, 2019 (the original motions deadline), Defendants requested that the dispositive motions deadline be extended for ten (10) days. That motion was allowed by text order the same day, and the dispositive motions deadline was extended to and including November 18, 2019. (Docs. 47, 48).

On November 18, 2019 (the extended motions deadline), Defendants filed their Motion for Summary Judgment and a Motion to Transfer Venue. (Docs. 50, 51).

On January 9, 2020, Judge Hodges filed a report recommending that Defendants' Motion for Summary Judgment be denied and that their Motion to Transfer Venue be allowed (Doc. 56).

On February 7, 2020, the Hon. J. Michelle Childs, United States District Judge, accepted the report and recommendation, denied the Motion for Summary Judgment, and transferred the case to this district. (Doc. 60).

During the status conference, the parties concurred that the only claim pending for trial is Plaintiff's claim for conversion.

No basis has been given to support the parties' request for additional time to conduct discovery. For example, the parties have not described why the discovery period allowed by the District Court in South Carolina was insufficient, or explained why they did not engage in discovery during that time.

Consequently, while the parties remain free to engage in voluntary discovery between themselves and without court supervision, under the present circumstances, and as a motion for summary judgment has been made and ruled upon, the undersigned does not conclude that court-enforced discovery should be reopened.

Similarly, no explanation has been given as to why the parties did not conduct a mediated settlement conference, despite being directed to do so in the scheduling order. Plaintiff advises that the topic was not even discussed by the parties.

The parties' failure to conduct mediation is problematic. However, bearing in mind that settlement discussions could result in resource savings for the Court and the parties, and noting the parties' statements of interest in mediation, the undersigned finds that the parties should be given an opportunity to engage in such efforts at this point.

A separate pretrial order and case management plan will issue setting the trial term and trial procedures.

**IT IS THEREFORE ORDERED THAT**:

1. Within seven (7) days of the entry of this Order, Defendants are **DIRECTED** to file a response that identifies the citizenship of each party defendant, including the individual members of any corporate defendant.

2. To the extent the parties made oral requests during the status conference that discovery be reopened, such requests are **DENIED**.

3. The parties are **DIRECTED** to engage in a mediated settlement conference as follows:

a. Within fourteen (14) days of the entry of this Order, the parties shall select and agree upon a mediator and shall file with the Court a notice identifying the mediator selected. If the parties are unable to agree upon a mediator, they shall file with the Court a report stating that they have been unable to agree upon a mediator and the reasons for such inability.

b. Within forty-five (45) days of the entry of this Order, the parties shall conduct a mediated settlement conference.

c. Within seven (7) days of the completion of the mediation, there shall be filed with the Court a Mediation Report which states whether all, a portion, or none of the case has settled. The Mediation Report shall be filed with the Court electronically in such a form as to be docketed by the Clerk. It shall be the responsibility of the mediator to file the Mediation Report with the Court, except that if the mediator does not have an electronic case filing (ECF) account with the Clerk, then it shall be the responsibility of Defendants to file the Mediation Report for the mediator. It is the responsibility of Defendants to determine whether the mediator has an ECF account with the Clerk.

d. If this case is resolved by a settlement of the parties, whether at mediation or otherwise, the payors shall pay all sums required by the parties' settlement agreement and the parties shall file all such documents with the Court so as to effectuate the closing of the Court file within thirty (30) days of reaching such agreement, or within thirty (30) days of the mediation, whichever is sooner, unless additional time is sought and granted by the Court.

Signed: March 3, 2020

W. Carleton Metcalf
United States Magistrate Judge